1  LOEB & LOEB LLP
   MICHELLE LA MAR (SBN 163038)
2  mlamar@loeb.com
   AVI GHOLIAN (SBN 327531)
3  agholian@loeb.com
   10100 Santa Monica Blvd.
4  Suite 2200
   Los Angeles, CA 90067
5  Telephone:   310.282.2000
   Facsimile:   310.282.2200
6
   Attorneys for Defendant
7  MICRODENTAL LABORATORIES, INC.

8                    UNITED STATES DISTRICT COURT
9
10                   NORTHERN DISTRICT OF CALIFORNIA
11

| MICHAEL PROVOST, individually, and on behalf of others similarly situated, | [Alameda County Superior Court Case No. 23CV057127] |
|---|---|
| Plaintiff, | **DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL** |
| v. | |
| MICRODENTAL LABORATORIES, INC., a Delaware Corporation; and DOES 1 through 25, inclusive, | |
| Defendants-Appellants. | |

240564294.1
234390-10005

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Microdental Laboratories, Inc. ("MicroDental" or "Defendant"), by and through its counsel, removes the above-entitled class action complaint to this Court from the Superior Court of the State of California, County of Alameda, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million. This removal is based on the grounds stated herein.

## I. PROCEDURAL BACKGROUND

1. On December 5, 2023, Plaintiff Michael Provost ("Plaintiff") filed a putative class action complaint in the Superior Court of the State of California, County of Alameda, captioned *MICHAEL PROVOST, individually, and on behalf of others similarly situated v. MICRODENTAL LABORATORIES, INC., a Delaware Corporation; and DOES 1 through 25* (the "Complaint"). *See* Declaration of Michelle La Mar ("La Mar Decl."), ¶ 2; Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint, Civil Case Cover Sheet, and relevant proof of service.

2. Plaintiff served the Complaint on MicroDental on December 29, 2023, along with copies of the Summons, Civil Case Cover Sheet, and proofs of service. *See* La Mar Decl., ¶ 3; **Exhibit 1**.

3. Plaintiff's Complaint alleges (1) Unpaid Minimum Wages; (2) Unpaid Overtime; (3) Unpaid Meal Period Premiums; (4) Unpaid Rest Period Premiums; (5) Wages Not Timely Paid During Employment; (6) Failure to Provide Accurate Wage Statements; (7) Untimely Final Wages; (8) Failure to Reimburse Necessary Business Expenses; and (9) Violation of Cal. Business & Professions Code § 17200, *et seq*. *See* La Mar Decl. ¶ 4; **Exhibit 1**.

4. Defendant answered the Complaint on February 13, 2024. *See* La Mar Decl., ¶ 5; Attached hereto as **Exhibit 2** is a true and correct copy of Defendant's Answer.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

240564294.1
234390-10005

- 2 -

DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

5. Current defense counsel associated into this matter on December 12, 2024. *See* La Mar Decl., ¶ 6; Attached hereto as **Exhibit 3** is a true and correct copy of the Substitution of Attorney.

6. All documents as reflected and downloaded from the Alameda County Superior Court Website are appended to this Notice as follows: Attached hereto as **Exhibit 4** is a true and correct copy of the December 5, 2023, Notice of Case Management Conference. Attached hereto as **Exhibit 5** is a true and correct copy of the January 9, 2024 General Order re Complex Determination. Attached hereto as **Exhibit 6** is a true and correct copy of the January 16, 2024, Notice of Case Reassignment. Attached hereto as **Exhibit 7** is a true and correct copy of the March 18, 2024 Case Management Statement filed by Plaintiff. Attached hereto as **Exhibit 8** is a true and correct copy of the March 18, 2024, Case Management Statement filed by Defendant. Attached hereto as **Exhibit 9** is a true and correct copy of the March 27, 2024, Notice of Case Reassignment. Attached hereto as **Exhibit 10** is a true and correct copy of the March 28, 2024 Notice of Posting Jury Fees. Attached hereto as **Exhibit 11** is a true and correct copy of the April 2, 2024, Notice of Posting Jury Fees. Attached hereto as **Exhibit 12** is a true and correct copy of the April 2, 2024, Order re: Initial Case Management Conference. Attached hereto as **Exhibit 13** is a true and correct copy of the December 3, 2024 Joint Case Management Statement; Attached hereto as **Exhibit 14** is a true and correct copy of the December 6, 2024, Case Management Order; Attached hereto as **Exhibit 15** is a true and correct copy of the Register of Actions on the Superior Court of Alameda County Public Portal.

7. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Alameda County Superior Court or served by any party other than as described above. *See* La Mar Decl., ¶ 8.

## II. TIMELINESS OF REMOVAL

8. The general rule is that an action may be removed from state court by filing a notice of removal—together with a copy of all process, pleadings, and orders served on defendant—within thirty days of defendant receiving service of the initial pleading, or if not contained in the initial

240564294.1
234390-10005
- 3 -
DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

pleading, then within thirty days of receiving an amended pleading or other paper showing the matter is removable. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

9. However, under Roth, if Plaintiff's pleadings or papers do not show the matter is removable, a defendant can remove within 30 days of discovering, on the basis of its own investigation, the matter is removable, so long as Defendant has not run afoul of either of the previous thirty day deadlines.[1]  *Roth v. CHA Hollywood Medical Center, LP*, 720 F.3d 1121, 1125 (9th Cir. 2013).

10. Here, because none of Plaintiff's pleadings or papers alleged an Amount in Controversy ("AIC"), previous counsel enlisted the assistance of an expert, EmployStats, in calculating the AIC for purposes of evaluating potential federal jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). *See* Declaration of Vincent R. Fisher ("Fisher Decl."), ¶ 2.

11. On November 21, 2024, EmployStats provided counsel with AIC figures that placed this matter under CAFA jurisdiction. *See* Fisher Decl., ¶ 3, **Exhibit A**. Accordingly, under *Roth*, Defendant has thirty days to remove from November 21, 2024. Defendant files this Notice of Removal within thirty days of the date it found out the matter was removable. Therefore, the Removal is timely.

### III. JURISDICTION AND VENUE

12. Plaintiff brings this action as a putative class action. Removal based on CAFA diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (a) diversity of citizenship exists between one or more plaintiffs and one or more defendants; (b) the putative class has at least 100 members; and (c) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2),

---

[1] A Defendant does not have a duty to investigate. Roth, 720 F.3d at 1125.

240564294.1
234390-10005
- 4 -
DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL
Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

1332(d)(5)(B), and 1453. As set forth below, all requirements for jurisdiction under CAFA have been met.

13. Plaintiff originally brought this action in the Superior Court of the State of California, County of Alameda. Therefore, venue properly lies in the Northern District of California pursuant to 28 U.S.C. § 1441.

A. **Diversity of Citizenship Exists**

14. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

15. An individual is a citizen of the state in which he is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000). Domicile is determined by "an individual's (1) residence in a state, and (2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

16. Plaintiff alleges that he was "at all times herein mentioned… an individual residing in San Joaquin County in the State of California." *See* Exhibit1, ¶ 6. Residency is sufficient to establish citizenship of individuals for diversity purposes. *See Albrecht v. Lund,* 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.")

240564294.1
234390-10005
- 5 -
DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

17. To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93. In other words, a party's principal place of business is where its officers direct, control, and coordinate its activities. *Id.*

18. MicroDental was incorporated in Delaware on May 6, 2016, and maintains its principal place of business in Michigan. *See* Ulman Decl., ¶ 3. MicroDental's headquarters is located at 500 Stevenson Highway, Suite 100, Troy, Michigan 48083. *Id.* at 4. There, MicroDental makes the majority of its decisions about corporate policy and administration including decisions about human resources, operations, payroll, revenue, management, policies and practices. *Id.* Therefore, MicroDental's principal place of business is Michigan.

19. MicroDental is now and was at the time of the filing of this action a citizen of Michigan for purposes of determining diversity jurisdiction under CAFA. Therefore, diversity of citizenship exists under CAFA because at least one member of the putative class—Plaintiff—is a citizen of a state different than MicroDental. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *Bradford v. Bank of Am. Corp.*, 2015 U.S. Dist. LEXIS 120800, at *3 (C.D. Cal. Sept. 10, 2015) ("[Defendant] needed only to establish that one plaintiff was a citizen of a different state from any one defendant at the time of removal.").

20. The presence of DOE defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

**B.     The Putative Class Has at Least 100 Members**

21. CAFA requires the putative class to be no less than 100. 28 U.S.C. §§ 1332(d)(5)(B).

240564294.1
234390-10005
- 6 -
DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL
Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

1  22.    Plaintiff seeks to represent a putative class consisting of "All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint until Final Judgment," [and] "The proposed 'Former Employee Sub-Class is defined as follows: All class Members whose employment with Defendants ended at any point in time during the period from four years prior to the date of the filing of this Complaint until final judgment." **Exhibit 1**, ¶¶ 21-22.

23.    According to internal records dating four years prior to the Complaint, December 5, 2019, through the present[2], MicroDental employed at least 251 non-exempt employees in California. *See* Ulman Decl., ¶ 5.

24.    Therefore, there are more than 100 putative class members in this matter.

**C.    The Amount in Controversy Exceeds $5,000,000[3]**

25.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citations omitted); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (same); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an "inappropriate

---

[2] Hereinafter referred to as the "relevant time period."

[3] The alleged damages calculations contained in this removal are for purposes of removal only. Defendant expressly denies that Plaintiff or any member of the putative class is entitled to any relief whatsoever, and Defendant expressly reserves the right to challlenge3 Plaintiff's alleged damages or penalties at issue in this case.

240564294.1
234390-10005
- 7 -
Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy" for purposes of CAFA removal).

26. The ultimate inquiry is what amount a complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted). The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

27. The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 U.S. Dist. LEXIS 7708, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias*, 936 F.3d at 925 (9th Cir. 2019)). Further, "no antiremoval presumption attends cases invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87.

28. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x. 646, 648 (9th Cir. March 8, 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017).

29. The Complaint does not identify a specific number of alleged damages. Plaintiff, generally, seeks "such general and special damages as may be appropriate," "actual, consequential, and incidental losses and damages, according to proof," "premium wages," "penalties," "pre-judgment interest," "reasonable attorneys' fees and costs," "liquidated damages," and "punitive damages" (as to the eighth cause of action). **Exhibit 1**, Prayer for Relief.

30. Defendant "may make mathematical calculations using reasonable averages of, for

240564294.1
234390-10005

- 8 -

DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148-49 (C.D. Cal. 2010).

31. Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom, including but not limited to, Plaintiff's allegation that the alleged claims are appropriate for class treatment. Defendant reserves all defenses to Plaintiff's claims. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

1. **Minimum Wages ($788,884.40 in Controversy)**

32. Plaintiff's first cause of action alleges that Plaintiff and other class members worked "off-the-clock" by answering work-related text messages and phone calls for which they did not receive minimum wage. **Exhibit 1**, ¶ 32. Further, the Complaint alleges, "Defendants regularly failed to pay at least minimum wages to Plaintiff and the other class members for all hours they worked" [and] Defendants knew or should have known that Plaintiff and class members were performing such work 'off-the-clock' because, among other things, Defendants' management witnessed, authorized, weas made aware of, and/or required Plaintiff and class members to perform such work." *Id.* at ¶ 33-34.

33. Based on these allegations, Plaintiff seeks the alleged unpaid balance of their minimum wage compensation as well as liquidated damages in an amount equal to the wages allegedly unlawfully paid. *Id.* at 35-36. Plaintiff's ninth cause of action seeks restitution of unpaid wages pursuant to California Business and Professions Code section 17200 (the "UCL"). *Id.* at 92.

34. California law requires employers to pay employees for all time worked. In addition, California Labor Code section 1194, allows employees who are not paid the minimum wage to recover back pay plus interest, reasonable attorney's fees, and court costs. Cal. Lab. Code § 1194.

240564294.1
234390-10005
- 9 -
Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations
DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

35. The statute of limitations for the recovery of unpaid wages is three years. Cal. Code Civ. Proc. § 338(a). By asserting a claim under the UCL, Plaintiffs extend the statute of limitations related to their minimum wage claim from three years to four years. *See Pellegrino v. Robert Half Int'l, Inc.,* 182 Cal. App. 4th 278, 289 (2010). Accordingly, the limitations period on Plaintiff's minimum wage claim reaches back to December 5, 2019.

36. Plaintiffs do not allege the number of unpaid off-the-clock hours per week that they and the other class members allegedly worked without being paid.

37. For purposes of this Notice, during the relevant time period, Defendant MicroDental had at least 251 non-exempt employees who worked at least 27,935 work weeks at an average minimum wage of $14.12. *See* Ulman Decl., ¶ 5, 6. Assuming, conservatively, that each putative class member worked one hour off the clock per workweek, Plaintiff's minimum wage claim places at least $394,442.20 in controversy: That is one hour at the average minimum wage rate, $14.12, x 27,935 workweeks.

38. Further, Plaintiff's sought after liquidated damages in an amount equal to the wages allegedly unlawfully unpaid places an additional $394,442.20 in controversy. The alleged unpaid minimum wages together with the liquidated damages totals $788,884.40.

**2.   Unpaid Overtime ($1,040,716.20 in Controversy)**

39. Plaintiff's second cause of action alleges that "Plaintiff and the other class members regularly worked in excess of eight hours in a day, in excess of twelve hours in a day, in excess of forty hours in a week and/or seven consecutive days in a workweek. However, Defendants did not record Plaintiff and the other class members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed[.]" **Exhibit 1**, ¶ 42.

40. California law requires employers to pay employees for all time worked. In addition, California Labor Code section 510 requires that employers pay nonexempt employees one-and one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, non-exempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double

240564294.1
234390-10005

- 10 -

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek. Cal. Lab. Code § 510(a).

41.  For purposes of this Notice, during the relevant time period, Defendant MicroDental had at least 235 non-exempt full time employees who worked at least 26,576 work weeks at an average overtime rate of $39.00. *See* Ulman Decl., ¶ 7. Assuming, conservatively, that each putative class member worked one hour of unpaid overtime per workweek, Plaintiff's overtime claim places at least $1,040,716.20 in controversy: That is one hour at the average overtime rate x 26,576 workweeks. *See Torrez v. Freedom Mortg. Corp.*, No. EDCV 17- 867 JGB (KKx), 2017 U.S. Dist. LEXIS 97704, *3 (C.D. Cal. Jun. 22, 2017) (finding assumption rate of three hours of overtime per week was reasonable where complaint allegations where defendant's assumptions were based on the allegations in the complaint that defendant "engaged in a pattern and practice" of wage abuse); *Herrera v. Carmax Auto Superstores California, LLC*, EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.").

### 3. Unpaid Meal Period Premiums ($914,707.90 in Controversy)

42.  Plaintiff's third cause of action alleges "Plaintiff and the other class members who were scheduled to work for shifts no longer than six hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five hours without an uninterrupted meal period of not less than thirty minutes" [and] "Plaintiff and the other class members who were scheduled to work for shifts in excess of ten hours but no longer than twelve hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten hours without an uninterrupted meal period of not less than thirty minutes." **Exhibit 1**, ¶ 50-51.

43.  Further, Plaintiff's Complaint alleges "Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members for work performed during meal periods. This

240564294.1
234390-10005
- 11 -
DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

includes, among other things, requiring Plaintiff and class members to work through their lunch breaks, permitting and/or requiring Plaintiff and class members to take late lunch breaks, permitting and/or class members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and class members during their lunch breaks, failing to relieve Plaintiff and class members of all duties during their lunch breaks, and restricting Plaintiff and class members from leaving the premises during their lunch breaks." *Id.* at ¶ 52.

44.  California law permits recovery of <u>one additional hour of pay at the employee's regular rate of compensation for each workday a meal period and/or rest break was not provided</u>. Cal. Lab. Code § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

45.  For purposes of this Notice, during the relevant time period, employees at MicroDental worked 117,814 meal eligible shifts at an average hourly rate of $25.88 over the course of 27,935 workweeks. *See* Ulman Decl., ¶ 8. Assuming, conservatively, a 30% violation rate for meal premiums per work week, Plaintiff's meal period claim places at least $914,707.90 in controversy: that is, 30% of (the average hourly rate ($25.88) x the number of meal eligible shifts (117,814)). *See Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009) (when a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court should find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 U.S. Dist. LEXIS 1672, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate for meal and rest period violations was reasonable despite allegations that employees only "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI- SAB, 2017 U.S. Dist. LEXIS 82412, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity grounds, accepting defendant's assumption that violation occurred

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

240564294.1
234390-10005

- 12 -

DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

1  once per day where plaintiff alleged "that he systematically worked for a period of more than five

2  hours in a workday without being provided a mandatory, duty-free lunch").

### 4.  Unpaid Rest Period Premiums ($924,529.36 in Controversy)

46. Plaintiff's fourth cause of action alleges "Defendants routinely required Plaintiff and the other class members to work three and one-half or more hours without authorizing or permitting a compliant ten minute rest period per each four hour period, or major fraction thereof, worked" [and] "Moreover, Defendants willfully required, suffered and permitted Plaintiff and the other class members to work during what should have been the3ir rest periods.  Defendants also failed to relieve Plaintiff and the other class members of all duties for ten minutes as required for compliant rest breaks." Further, "As a result, Plaintiff worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all." Finally, Plaintiff's Complaint states that Defendants had "no policy and/or practice to pay a premium when rest periods were missed, short, late, and/or interrupted." **Exhibit 1**, ¶ 60-63.

47. California law permits recovery of <u>one additional hour of pay at the employee's regular rate of compensation for each workday a meal period and/or rest break was not provided</u>. Cal. Lab. Code § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. See Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three- year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

48. For purposes of this Notice, during the relevant time period, employees at MicroDental worked 119,079 rest break eligible shifts at an average hourly rate of $25.88 over the course of 27,935 workweeks. *See* Ulman Decl., ¶ 9. Assuming, conservatively, a 30% violation rate for rest period premiums per work week, Plaintiff's rest period claim places at least $924,529.36 in controversy: that is, 30% of (the average hourly rate ($25.88) x the number of rest period eligible shifts (119,079)). *See Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009) (when a defendant's calculations are "relatively conservative, made in good faith, and

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

240564294.1
234390-10005

- 13 -

DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

1  based on evidence whenever possible," the court should find that the "[d]efendant has established
2  by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v.*
3  *Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *5 (finding that a 50% violation rate for meal
4  and rest period violations was reasonable despite allegations that employees only "sometimes"
5  were denied meal or rest periods).

### 5. Wages Not Timely Paid During Employment ($1,122,420 in Controversy)

49.  Plaintiff's fifth cause of action alleges "As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations and rest break violations), Defendants intentionally and willfully failed to timely pay Plaintiff and other class members all wages due to them, within the period permissible under California Labor Code section 204." **Exhibit 1**, ¶ 70.  Further, "Plaintiff and other class members are entitled to recover all available remedies for Defendant's violations of California Labor Code section 204, including statutory penalties pursuant to Labor Code section 210(b)." *Id.* at 71.

50.  Labor Code section 210 states that the penalty for failure to pay wages timely is $100 for any initial violation for each employee and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld.  Cal. Labor Code § 210(a)(1), (2).

51.  The statute of limitations under Labor Code § 204 is one year pursuant to California Code of Civil Procedure § 340(a).

52.  Defendant employed 251 non-exempt employees during the relevant time period who worked a total of 27,935 workweeks.  *See* Ulman Decl., ¶ 5.  MicroDental pays biweekly totaling 26 payments a year.  *See Id.*, at ¶ 10.  Assuming, conservatively, an initial violation for all 251 employees, and one subsequent violation for each eligible employee, Plaintiff's 204 claim places at least $1,122,420 in controversy: that is one fifth of[4] (251 employees x $100) + ($200 x 27,935 workweeks).  Further, this is not even considering the 25% of the amount allegedly unlawfully withheld.

---

[4] Because of the one year statute of limitations, and considering Defendant provides employee data for the last five years, Defendant is only considering one fifth of the total penalties.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

      6.    **Failure to Provide Accurate Wage Statements ($200,800 in Controversy)**

53. Plaintiff's sixth cause of action alleges that MicroDental "intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements… Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000)." **Exhibit 1**, ¶ 74, 77.

54. Based on such allegations, it is reasonable to assume for removal purposes a 100% violation rate on Plaintiff's wage statement claim. *Cortez v. United Nat. Foods, Inc.*, 2019 U.S. Dist. LEXIS 31540, at *5 (N.D. Cal. Feb. 27, 2019) ("The allegations here directly support Defendants' use of a 100% violation rate, given that Plaintiff alleges that all employees received defective statements."); *Vasquez v. Randstad US, L.P.*, 2018 U.S. Dist. LEXIS 4015, at *6 (N.D. Cal. Jan. 9, 2018) ("Inaccurate wage statement penalties do not depend on how many unpaid hours were worked, but whether any unpaid hours were worked."); *Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212, at *5 (C.D. Cal. May 21, 2015) ("It is not unreasonable to assume that, with this many violations alleged, every one of the wage statements issued during the class period could potentially have been noncompliant.").

55. The statute of limitations under Labor Code § 226 is one year pursuant to California Code of Civil Procedure § 340(a).

56. Defendant employed 251 non-exempt employees during the relevant time period. *See* Ulman Decl., ¶ 5. Thus, Plaintiff's sixth cause of action places at least $200,800 in controversy (one fifth of[5] $4,000 in penalties x 251 class members).

      7.    **Untimely Final Wages ($996,490.08 in controversy)**

57. Plaintiff's seventh cause of action alleges "As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations and rest

---

[5] See footnote 3.

240564294.1
234390-10005
- 15 -
DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

break violations), at the time that Plaintiff and the other class members' employment with Defendants ended, Defendants knowingly and willfully failed to pay Plaintiff and the other class members all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiff and class members as they became due, as required per California Labor Code sections 204." **Exhibit 1**, ¶ 81.

58. Further, Plaintiff's Complaint states "As a result, Plaintiff and the other class members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies." **Exhibit 1**, ¶ 82.

59. Under Labor Code section 203, an employer who willfully fails to timely pay all wages due to an employee upon termination is liable for a waiting time penalty in the amount of the employee's average daily wage for each day the wages are not paid, up to a maximum of 30 days. The statute of limitations under section 203 is three years pursuant to California Code of Civil Procedure section 338.

60. Based on these allegations, Plaintiff seeks to recover the maximum amount of waiting time penalties for each terminated employee during the alleged period. Therefore, MicroDental may reasonably assume "that each terminated putative class member was entitled to 30 days of [waiting time penalties] at 8 hours of standard pay per day." *Oda*, 2015 U.S. Dist. LEXIS 1672, at *4; *see also Chavez v. Pratt (Robert Mann Packaging), LLC*, 2019 U.S. Dist. LEXIS 59399, at *4 (N.D. Cal. Apr. 5, 2019) ("By tying the unpaid final wage claim to his other claims, Chavez makes Pratt's assumption of 100% violation for unpaid wages reasonable—that is, if every putative class member incurred damages for at least one other claim in the complaint, every class member who departed Pratt during the statutory period was due unpaid wages."); *Ford v. CEC Entm't, Inc.*, 2014 U.S. Dist. LEXIS 94059, at *3 (N.D. Cal. July 10, 2014) ("Assuming a 100% violation rate is thus reasonably grounded in the complaint . . . [b]ecause no averment in the complaint supports an inference that these sums were ever

240564294.1
234390-10005
- 16 -
DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

paid."); *Jauregui*, 28 F.4th at 993-94 (noting it was reasonable for employer to assume all terminated employees were entitled to maximum waiting time penalties).

61. During the relevant time period, MicroDental had 251 employees with an average hourly rate at separation of $27.57. *See* Ulman Decl., ¶ 11. Assuming, conservatively, employees worked on average an eight hour work day, Plaintiff's seventh cause of action places at least $996,490.08 in controversy: that is 60%[6] of (251 employees x 8 hours per day x $27.57 x 30 days).

### 8. Failure to Reimburse Necessary Business Expenses ($111,740 in Controversy)

62. Plaintiff's eight cause of action alleges "Plaintiff and other class members incurred necessary business related expenses and costs that were not fully reimbursed by Defendants, [including but not limited to] the usage of personal cell phones for work-related purposes." **Exhibit 1**, ¶ 85. Further, "Defendants intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiff and the other class members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California." *Id*. at ¶ 85.

63. For purposes of estimating the amount in controversy, it is reasonable to assume at least $20 for claimed cell phone usage reimbursement every five weeks (i.e., approximately $20 per month). *See Shachno v. Marriott Int'l, Inc.*, No. 22-CV-1215 TWR (JLB), 2023 U.S. Dist. LEXIS 9754, at *11-12 (S.D. Cal. Jan. 19, 2023) (accepting assumption of $20 cell phone reimbursement once per month based on allegations that class members used their phones over the course of their employment); *Cavada v. Inter-Cont'l Hotels Grp., Inc.*, No. 19cv1675-GPC(BLM), 2019 U.S. Dist. LEXIS 190302, at *7 (S.D. Cal. Nov. 1, 2019) (accepting assumption of $20 cell phone reimbursement per month per employee where class members allegedly used phones); *Castro v. ABM Indus., Inc.*, No. 17-cv-3026-YGR, 2017 U.S. Dist. LEXIS 173502, at *4-5 (N.D. Cal. Oct. 19, 2017) (allegations of "regular,"

---

[6] 60% is three out of the last five years. Defendant provides data for the last five years; however, the statute of limitations is three years. Therefore, Defendant only considers 60% of the calculations for five years.

1  "common" practices, support assumption that plaintiffs incurred at least one reimbursable cell phone
2  expense for each month worked using cost of $27.14/month.).

3  64.  Based on Defendant's records, the putative class members worked about 27,935 total
4  work weeks. *See* Ulman Decl., ¶ 5. This means the reimbursement claim puts approximately $111,740
5  in controversy: that is $20 per month x (27,935 ÷ 5 weeks [approximate representation of one month]
6  = 5,587 months).

## IV. NOTICE

65.  Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## V. CONCLUSION

66.  Removal to this Court is proper under CAFA jurisdiction. Considering the foregoing, the aggregate value of Plaintiff's causes of action for failure to pay minimum wages, unpaid overtime, unpaid meal and rest period premiums, wages not timely paid during employment, failure to provide accurate wage statements, untimely final wages, and failure to reimburse necessary business expenses are well above the CAFA requirement of $5 million.

| Plaintiff's Alleged Claims | Amount in Controversy |
| --- | --- |
| Unpaid Minimum Wages | $788,884.40 |
| Unpaid Overtime | $1,040,716.20 |
| Unpaid Meal Period Premiums | $914,707.90 |
| Unpaid Rest Period Premiums | $924,529.36 |
| Wages Not Timely Paid During Employment | $1,122,420 |
| Failure to Provide Accurate Wage Statements | $200,800 |
| Untimely Final Wages | $996,490.08 |
| Failure to Reimburse Necessary Business Expenses | $111,740 |
| Total Amount in Controversy: | $6,100,287.94 |

240564294.1
234390-10005
- 18 -
Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations
DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL

67. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the AIC, as it exceeds the $5 million threshold required under CAFA, without including attorneys' fees.

68. WHEREFORE, Defendant removes this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated: December 20, 2024

Respectfully submitted,

LOEB & LOEB LLP
MICHELLE LA MAR
AVI GHOLIAN

By: /s/ Michelle La Mar
　　　Michelle La Mar

Attorneys for Defendant
MICRODENTAL LABORATORIES, INC.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

240564294.1
234390-10005

- 19 -

DEFENDANT MICRODENTAL LABORATORIES, INC.'S NOTICE OF REMOVAL